**Affirmed and Memorandum Opinion filed  October 15, 2024.**



In The

# Fourteenth Court of Appeals

### NO. 14-23-00715-CV

**TAM CARBAJAL, Appellant**

**V.**

**HECTOR CARBAJAL, Appellee**

**On Appeal from the 308th District Court
Harris County, Texas
Trial Court Cause No. 2019-73570**

## MEMORANDUM OPINION

This is an appeal from the modification of a child custody order. The father of the children, Hector Carbajal, filed a motion to modify the parent-child relationship in which he sought to modify the joint managing conservatorship of their children established in the couple's divorce decree. Father asked the court to grant him sole managing conservatorship. The children's mother, Tam Carbajal, counter-sued to retain the joint managing conservatorship but to be named the parent with the exclusive right to designate the primary residence of the children.

Both parties alleged a change in circumstances, as well as the unworkability of the previous order, as predicates for modification. The case was submitted to a jury, which found that the joint managing conservatorship should be replaced by naming Father as the sole managing conservator. The trial court entered judgment on the verdict and Mother filed this appeal asserting jury charge error. Concluding any error in the jury charge was harmless, we affirm the judgment of the trial court.

## BACKGROUND

At the time the parties were divorced in 2021, they had two children. Pursuant to a mediated settlement agreement the trial court appointed the parents joint managing conservators of the children with neither parent given the exclusive right to designate the primary residence of the children.

Within two years of the divorce Father filed a petition to modify the parent-child relationship in which he alleged the appointment of the parents as joint managing conservators was not in the best interest of the children, and that Father should be appointed as sole managing conservator. In the alternative, if the trial court determined that appointment of the parties as joint managing conservators was in the best interest of the children Father sought the exclusive right to designate the primary residence of the children. As grounds for modification Father alleged that Mother engaged and continued to engage in a history or pattern of conduct that was harmful to the children and psychologically damaging. Father alleged Mother made multiple false allegations about Father to the Texas Department of Family Protective Services and/or other people.

Mother filed a counter-petition seeking to continue as joint managing conservators with Mother given the exclusive right to designate the primary residence of the children as well as an increase in child support payments. In support of her motion, Mother alleged that the current child support payments were

2

not in compliance with the Texas Family Code guidelines but did not allege any material and substantial changes to support being given the exclusive right to designate the primary residence in her counter-petition.

The case was tried to a jury, and Mother urged the court to submit the following jury questions:

QUESTION 1:

Should the joint managing conservatorship be replaced by a sole managing conservatorship of [the children]?

QUESTION 2:

Who should be appointed sole managing conservator of [the children]?

QUESTION 3:

Should the order that designates neither parent the conservator who has the exclusive right to designate the primary residence of the children be modified to designate Hector Carbajal or Tam Carbajal the conservator who has that exclusive right?

QUESTION 4;

Who should be appointed the joint managing conservator with exclusive right to designate the primary residence of [the children]?

The trial court refused to submit all of Mother's tendered jury questions. Instead, the trial court submitted to the jury the following question:

Should the joint managing conservatorship be replaced by naming HECTOR CARBAJAL as the sole managing conservator of [the children]?

The jury found that the joint managing conservatorship of the child should be replaced with a sole managing conservatorship and that Father should be named sole managing conservator. Mother brings this appeal.

3

On appeal, Mother does not challenge the jury's findings that Father should be named sole managing conservator. She complains only of the trial court's failure to submit Question 4 which asks the jury to decide which joint managing conservator should have the exclusive right to designate the primary residence of the children. She asserts that by refusing her submission, the trial court improperly failed to charge the jury on a contested issue.

## I.    Standard of Review and Applicable Law

We review a trial court's submission of jury questions under an abuse of discretion standard. *Columbia Rio Grande Healthcare, L.P. v. Hawley*, 284 S.W.3d 851, 856 (Tex. 2009). To determine whether an alleged error in the jury charge is reversible, the court considers the pleadings of the parties, the evidence presented at trial, and the charge in its entirety. *Island Recreational Dev. Corp. v. Republic of Tex. Sav. Ass'n*, 710 S.W.2d 551, 555 (Tex. 1986).

We cannot reverse a judgment for charge error unless the error was harmful because it probably caused the rendition of an improper verdict or probably prevented the petitioner from properly presenting the case to the appellate courts. Tex. R. App. P. 61.1. Charge error is generally considered harmful if it relates to a contested, critical issue. *Hawley*, 284 S.W.3d at 856. Alleged jury charge error can be harmless if the jury's answers to other questions render the proposed question immaterial. *Matter of Estate of Poe*, 648 S.W.3d 277, 286 (Tex. 2022).

Under the Texas Family Code, a party is entitled to a jury verdict on "the determination of which joint managing conservator has the exclusive right to designate the primary residence of the child." Tex. Fam. Code. Ann. § 105.002(c)(1)(D). A parent appointed as the sole managing conservator has the

exclusive right to designate the primary residence of the child unless otherwise limited by the court. Tex. Fam. Code Ann. § 153.132(1).

**II.      Presuming the trial court erred in failing to submit Mother's requested question to the jury, the error was harmless.**

The only question submitted by the court asked the jury whether the joint managing conservatorship should be replaced by naming Father as the sole managing conservator. The jury answered "yes." The question of which parent should have the exclusive right to designate the primary residence of the children would have been necessary only if the jury decided to keep Mother and Father as joint managing conservators. *See* Tex. Fam. Code Ann. § 105.002(c)(1)(D). Once the jury found that a sole managing conservator should be named, the jury would have never considered Mother's proposed questions had they been submitted because the right to designate the primary residence of the children is a right and duty afforded to the sole managing conservator.[1]

The jury question submitted by the trial court was consistent with the governing provisions of section 105.002 of the Family Code. Mother does not contend on appeal that the jury's finding was not supported by evidence at trial. The jury's answer on the issue of conservatorship rendered Mother's proposed questions immaterial because the jury would never have reached them in their deliberations. *Estate of Poe*, 648 S.W.3d at 286. The decision to grant Father sole conservatorship of the children necessarily affords him the right to determine the primary residence of the children under Texas law unless otherwise limited by the court. Therefore, the alleged charge error was harmless. We overrule Mother's

---

[1] The statute only allows the jury to determine the rights and duties of a sole managing conservator on the issue of whether to restrict the geographic area that a sole managing conservator may designate as the child's primary residence and if so, what geographic area that will be. *See* Tex. Fam. Code Ann. § 105.002(c)(2)(C). Mother did not request the trial court to submit questions on that issue.

issue on appeal.

## CONCLUSION

Having overruled Mother's issue on appeal, we affirm the trial court's judgment.

/s/    Jerry Zimmerer
          Justice

Panel consists of Justices Jewell, Bourliot, and Zimmerer.